Bullard, J.
The plain ¿iff alleges, that he is a planter, of the State of Mississippi, but has occasionally contributed to supply New Orleans with wood, shells, and other commodities; and that the defendant, Andrews, was his commission merchant, and the consignee of his wood and freight. That the defendant represented to him, by letter, that he had made a contract for him for the delivery of eight or ten thousand barrels of shells, at thhty-three cents per barrel; and that, in order to comply with said contract, he reduced his cotton crop, and began to procure and transport the shells to the city. After a small part had been delivered, the plaintiff was informed that, in point of fact, no such contract had been made, but that the defendant had made false representations to him on the subject, for the sake of getting the commissions ; and the present action was brought to recover damages for such misrepresentations, whereby the plaintiff failed to make large profits.
The case was clearly made out by evidence furnished by the defendant himself in his various letters, in which he at first stated in positive terms, that he had entered into a contract, and after-wards admitted that no such contract had been made. The court below assessed the damages at four hundred and forty-eight dollars ; and the defendant appealed.
The case is before us on two bills of exceptions, from the first of which it appears, that when the case was called for trial, the defendant moved for a jury, as was prayed for in his original answer, and offered to pay the fees, as required by the act of 1841. The motion was overruled, on the ground that it came too late. The trial took place in January, 1842, and the case was pending when the act of 1841 was promulgated. That act requires, that cases then pending should be struck from the jury docket, unless the compensation allowed to jurors be advanced by the party demanding a trial by jury. The case appears to have been regularly taken up as a court case, and we are to presume had been transferred to that docket, on the defendant’s neglecting to advance the jury fee. B. &. C.’s Dig. 520. It was, therefore, too late at the moment of trial, to re-transfer the case to the jury docket.
*162 The second bill of exceptions shows that the court refused to postpone the trial on account of the absence of a witness, whose testimony, it had been agreed, should betaken by consent. The defendant’s affidavit shows, that the witness attended according to appointment with the plaintiff’s counsel, for the purpose of cross-examination, but that the counsel did not attend. This fact was admitted ; but the court overruled the motion on the ground'that proper diligence had not been shown to produce the witness, or to establish that he was absent. The court did not err. The affidavit is clearly insufficient for the purpose for which it was offered. Nothing shows the materiality of the testimony of the absent witness, and no diligence was used to procure his attendance, or to show his absence. The offer of the defendant in his answer, and repeated on the trial of the cause, to receive the shells called for by the alleged contract, at thirty-three cents per barrel, and to pay the costs, cannot avail him. The court cannot compel a party to accept a new contract in lieu of one which has been already violated, and with a new party, nor to waive his right to recover damages in a case so clearly made out, upon an offer to adopt the contract falsely represented by the defendant to have existed, and that under totally different circumstances.

Judgment affirmed.